IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARREN SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:13-cv-00194-DRH-PMF |
| | ) | |
| v. | ) | |
| | ) | |
| CORNERSTONE RESOLUTION | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DARREN SCHRADER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, CORNERSTONE RESOLUTION GROUP, INC., Plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Electronic Funds Transfer Act (hereinafter EFTA), 15 U.S.C. §1693, et seq.

**II.   JURISDICTION & VENUE**

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.   PARTIES**

5.   DARREN SCHRADER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Edwardsville, County of Madison, State of Illinois.

1

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to STA, Inc.

7. As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

8. The debt that Plaintiff allegedly owed STA, Inc. was for a personal loan, which was for the personal use of Plaintiff and/or used for household expenditure.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. At all relevant times, Plaintiff had a personal checking account in his name at Regions Bank (hereinafter, "Regions Account").

11. At all relevant times, the personal checking account held by Plaintiff at Region Bank was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

12. At all relevant times, the Regions Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

13. At all relevant times Regions was a financial organization responsible for holding the debt account belonging to Plaintiff.

14. At all relevant times, Regions was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

15. CORNERSTONE RESOLUTION GROUP, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of New York.

16. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. At all relevant times, Defendant received funds from Plaintiff's Regions Account, which were transferred to Defendant electronically.

18. Defendant instructed Regions, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's Regions Account to Defendant.

19. Defendant received funds from Plaintiff's Regions Account.

20. At all relevant times, the transfer of funds from Plaintiff's Regions Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

21. The transfer of funds from Plaintiff's Regions Debit Account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

22. At all relevant times, the transfer of funds from Plaintiff's Regions Account to Defendant were "preauthorized electronic fund transfers" as that terms in defined by 15 U.S.C. §1693a(10).

23. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

24. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

25. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

26. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

27. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

28. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

29. On or about December 12, 2102 Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to STA, Inc.

30. The aforesaid correspondence stated that in order for the Plaintiff to make voluntary restitution, he would have to make a payment of $200 on December 13, 2012, $200 on December 20, 2012, and $200 on December 27, 2012.

31. Subsequent to December 13, 2012 but prior to December 17, 2012, Plaintiff engaged in a conversation with Defendant wherein Plaintiff expressed a desire to pay the debt and agree to the payment terms.

32. During the aforesaid conversation it was agreed that Plaintiff would make three payments of $200 each on December 17, 2012, December 24, 2012, and December 31, 2012.

33. By agreement, the aforementioned payments by Plaintiff to Defendant were postdated to December 17, 2012, December 24, 2012, and December 31, 2012

34. Defendant accepted the postdated payments from Plaintiff.

35. Defendant presented the postdated payments for deposit on December 17, 2012, December 24, 2012, and December 31, 2012

36. Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

37. In its attempts to collect the debt allegedly owed by Plaintiff to STA, Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2).

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DARREN SCHRADER, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

### COUNT II: VIOLATION OF THE EFTA

39. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

40. In the aforementioned telephone conversation between Plaintiff and Defendant, which occurred after December 13, 2012 but before December 17, 2012, Plaintiff provided

Defendant with his personal checking account information at Regions Bank, so that Defendant could electronically withdraw three (3) $200.00 payments from Plaintiff's personal checking account in accordance with the terms of the payment arrangement entered into between the parties.

41. During the course of the aforesaid telephone call, Plaintiff provided Defendant with his oral authorization for Defendant to electronically transfer funds from Plaintiff's Regions Bank personal checking account so that Plaintiff could continue to comply with the terms of the payment arrangement entered into between the parties.

42. At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's account Plaintiff had to provide Defendant with written consent to carry out the aforesaid transfer.

43. Prior to date of payment, Defendant did not obtain written consent from Plaintiff to transfer funds from Plaintiff's account.

44. On or about December 17, 2012, December 24, 2012 and December 31, 2012, Defendant withdrew $200.00 from Plaintiff's personal checking account at Regions Bank.

45. On or about December 17, 2012, December 24, 2012 and December 31, 2012, Defendant transferred to Defendant $200.00 in funds from Plaintiff's personal checking account at Regions Bank.

46. On or about December 17, 2012, December 24, 2012 and December 31, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's personal checking account at Regions Bank.

47. On or about December 17, 2012, December 24, 2012 and December 31, 2012, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's personal

checking account at Regions Bank, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

48. At no time prior to December 17, 2012, did Plaintiff provide Defendant with written consent from Plaintiff for Defendant to carry out an electronic fund transfer from Plaintiff's personal checking account at Regions Bank.

49. At no time prior to December 17, 2012, did Plaintiff advise Defendant that he waived his right to provide Defendant with written consent to execute the aforesaid transfer of funds.

50. Defendant has debited Plaintiff's personal checking account at Regions Bank without obtaining a written authorization signed or similarly authenticated form from Plaintiff for a preauthorized electronic fund transfer from Plaintiff's personal checking account at Regions Bank, thereby violating 15 U.S.C. §1693e(a).

51. Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages as set forth in the paragraphs above.

WHEREFORE, Plaintiff, DARREN SCHRADER, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,
                                                  **DARREN SCHRADER**


                                        By:    s/ David M. Marco
                                                    Attorney for Plaintiff

Dated: February 26, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com